### WILSON & WALTON *v.* ROBERT WALKER.

In this State the payee of a negotiable promissory note actually negotiated and put into circulation before its maturity, and still in the hands of an innocent indorsee without notice of the alleged original infirmity. or any other defect in the contract, is not a competent witness to prove the conditional delivery, or the failure of the consideration of it.

ASSUMPSIT on a promissory note of the defendant for $212.25 at sixty days to the order of William H. Walker, and by him indorsed to the plaintiffs. . Proof of the note and the indorsement was made on behalf of the plaintiffs.

*Nields,* for the defendant, called William H. Walker the payee, as a witness to prove the conditional delivery and the failure of the consideration of it, which being objected to for that reason by the counsel on the other side, he cited in support of his competency, *Martin v. Hamilton's Admr.* 5. *Harr.* 314. *Bush v. Peckard,* 3 *Harr.* 385. *Kennedy v. Murdick,* 5 *Harr.* 458. 10 *Johns.* 231. 1 *Greenl. Ev. secs.* 399, 400. 2 *Greenl. Ev. sec.* 207, which states the rule, thus; "and generally the payee, after having indorsed the note is competent to prove any matters arising after the making of the note, which may effect the right of the holder to recover against the maker."

*The Court,* Gilpin, C. J., referring to and reading the summary of the conflicting decisions upon the question in England and the different States in this country, and the

rule based on the weight of American authority on the subject as stated in 1 *Greenl. Ev. Sec.* 385, excluded the witness.

*Lore*, for the plaintiffs.

. *Nields*, for the defendant.